**WAJDA LAW GROUP, APC**
Nicholas M. Wajda
Cal. Bar No. 259178
6167 Bristol Parkway, Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTORIA O. SIBELU, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| GOODLEAP, LLC, | |
| Defendant. | |

**NOW COMES** Victoria O. Sibelu ("Plaintiff"), by and through her undersigned counsel, complaining of GoodLeap, LLC ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq*., and the Virginia Consumer Protection Act of 1977 ("VCPA").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1).

1

**PARTIES**

5. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Chesapeake, VA.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "person" as defined by VCPA § 59.1-198

9. Defendant is a corporation organized and existing under the laws of the state of California.

10. Defendant maintains its principal place of business at 8781 Sierra College Blvd., Roseville, CA 95661.

11. Defendant is a finance company that provides financing options for consumers nationwide.

12. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is a "person" as defined by VCPA § 59.1-198.

**FACTUAL ALLEGATIONS**

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0268.

14. At all times relevant, Plaintiff's number ending in 0268 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

16. Around April of 2021, Plaintiff contacted ION Solar Company to install solar panels at her home residence. Plaintiff obtained financing in the amount of $23,000.00 through Defendant ("subject debt").

17. Plaintiff had a monthly payment plan with automatic withdrawals on the 3rd of every month.

18. Plaintiff timely paid all monthly payments through August 3, 2021.

19. In mid-August 2021, Plaintiff decided to cancel the automatic withdrawals as she wanted to make additional payments throughout the month towards the subject debt.

20. On September 3, 2021, Plaintiff made a payment of $50.00 towards the subject debt.

21. Additionally, Plaintiff paid, via a separate transaction, $104.12 towards the subject debt, which is her monthly payment amount.

22. On September 7, 2021, Plaintiff received a telephone call from Defendant advising Plaintiff that she only made one payment of $50.00 towards the subject debt and the remaining monthly balance was still due.

23. Plaintiff requested that Defendant review their records on the account as Plaintiff made two payments on September 3, 2021 which covers the balance due for September 2021.

24. Defendant acknowledged Plaintiff's request to review the account and advised Plaintiff during the telephone call that they would look into the account and contact Plaintiff within 48 hours.

25. Despite Defendant's promise for a return phone call, Plaintiff never received a call back concerning her request to review the payments on the account.

26. However, Plaintiff started to receive collection calls (up to 2 times per day) to her cellular telephone seeking an allegedly past due amount on the subject debt that she had already paid.

27. Irritated with the incessant collection calls, around September 16, 2021, Plaintiff placed a telephone call to Defendant and spoke with a supervisor.

28. Plaintiff informed the supervisor to stop calling her. Defendant acknowledged this request; however, told Plaintiff that it would take approximately 24-48 hours to be removed from the system.

29. Despite Plaintiff's request that Defendant cease its harassing collection calls and informing Defendant that she was not behind on her monthly payments, Defendant continued placing harassing collection calls to Plaintiff's cellular phone.

30. Specifically, on September 18, 2021, Defendant placed 10 telephone calls to Plaintiff's cellular phone.

31. Upon answering the telephone calls from Defendant, Plaintiff is met by a lengthy period of dead air and was required to say "*hello*" numerous times prior to being connected to a representative.

32. In some of the telephone calls that Plaintiff does not answer, Defendant leaves a prerecorded voicemail message stating: "Sorry for the inconvenience."

33. In total, Defendant has placed numerous calls to Plaintiff's cellular phone after Plaintiff requested that the harassing collection calls cease.

34. Defendant places its harassing collection calls from various numbers including, but not limited to: (800) 345-9372.

## DAMAGES

35. Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

36. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to: invasion of privacy; nuisance; wasting Plaintiff's time; the increased risk of personal injury resulting from the distraction caused by the phone calls; decreased daily productivity; aggravation that accompanies unwanted telephone calls;

emotional distress; mental anguish; anxiety; loss of concentration; the loss of battery charge; and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her cellular phone.

37. Moreover, each time Defendant placed a phone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while his phone was ringing.

38. Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I:
**Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)**

39. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

40. Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

41. As pled above, Defendant utilized an artificial or pre-recorded voice when contacting Plaintiff on her cellular telephone.

42. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

43. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered and the pre-recorded messages used by Defendant, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

44. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

45. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

46. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

47. Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

48. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the TCPA;
b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C); and
c. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
**Virginia Consumer Protection Act**

49. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50. Section 59.1-200(14) of the Virginia Consumer Protection Act prohibits using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction.

51. Defendant violated §59.1-200(14) by continuing to place phone calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease. Furthermore, Defendant was seeking to collect on an amount that Plaintiff did not owe as she paid additional principal towards the subject debt.

52. Despite Plaintiff's request that Defendant cease its harassing collection calls and informing Defendant that she was not behind on her monthly payments, Defendant continued placing harassing and misleading collection calls to Plaintiff's cellular phone.

53. Defendant's collection calls were made with the intent to harass Plaintiff and designed to pressure Plaintiff into making payment on the subject debt.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

    a. Finding that Defendant violated VCPA § 59.1-200(4);

    b. Enjoining Defendant from further contact with Plaintiff

    c. Awarding Plaintiff actual damages in an amount to be determined pursuant to VCPA § 59.1-206(A);

    d. Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to VCPA § 59.1-206(C); and

    e. Awarding any other relief as this Honorable Court deems just and appropriate

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

| | |
|---|---|
| DATED: September 29, 2021 | Respectfully submitted, |
| | **VICTORIA O. SIBELU** |
| | By: */s/ Nicholas M. Wajda* |
| | WAJDA LAW GROUP, APC<br>Nicholas M. Wajda<br>Cal. Bar No. 259178<br>6167 Bristol Parkway, Suite 200<br>Culver City, California 90230<br>+1 310-997-0471<br>nick@wajdalawgroup.com<br>*Counsel for Plaintiff* |